IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

VIKASH MISHRA,

        Defendant.

2:22-CR-00277-CCW

## OPINION AND ORDER

Before the Court is a Motion to Reduce Sentence filed by pro se Petitioner Vikash Mishra. ECF No. 62. In his Motion, Mr. Mishra is asking the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). For the following reasons, his Motion will be denied.

### I. Background

Mr. Mishra was initially charged by indictment on March 22, 2022 at Criminal No. 22-76 with attempted coercion and enticement of a minor to engage in illegal sexual activity, from on or about October 30, 2021 until on or about February 25, 2022. Crim. No. 22-76, ECF No. 21. On November 1, 2022, Mr. Mishra was charged by Information in this case, Criminal No. 22-277, with attempted receipt of material involving the sexual exploitation of minors, from on or about October 30, 2021 until on or about February 25, 2022.

On November 4, 2022, he pleaded guilty to Count One of the Information, pursuant to a Rule 11(c)(1)(C) plea agreement, and the parties agreed to dismiss the charge against him at Criminal No. 22-76, which carried a statutory mandatory minimum sentence of 10 years' imprisonment. ECF Nos. 28-1, 29. Mr. Mishra further acknowledged that pleading guilty may

have consequences with respect to his immigration status if he was not a citizen of the United States, up to and including denaturalization and deportation. *Id.* On March 7, 2023, Mr. Mishra was sentenced 92 months of imprisonment, which was within the parties' agreed-upon range of 87 to 97 months. ECF Nos. 45, 46. Following sentencing, the United States dismissed the Indictment against Mr. Mishra at Criminal No. 22-76.

Mr. Mishra's agreed-upon sentencing range of 87-97 months' imprisonment constituted an upward variance from the statutory mandatory minimum sentence of 60 months imprisonment for Count One of the Information in this case, Criminal No. 22-277, in exchange for a plea bargain away from the ten-year mandatory minimum at the related Indictment filed against him at Criminal No. 22-76.

Mr. Mishra is currently incarcerated at FCI Thomson, and his projected release date is October 19, 2028, according to the Bureau of Prisons Inmate Locator. *See* Find an Inmate, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/mobile/find_inmate/index.jsp / (Reg. No. 88476-509) (last visited July 24, 2025).

## II. Legal Standard

A district court can only modify a term of imprisonment once it has been imposed in a "few narrow" circumstances." *Freeman v. United States*, 564 U.S. 522, 526 (2011). After a defendant has exhausted his administrative remedies, a court may reduce the term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a), to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Section 1B1.13 of the Sentencing Guidelines enumerates specific instances in which "extraordinary and compelling reasons exist," including the defendant's: (1)

medical circumstances;  (2) age;  (3) family circumstances;  (4) history of abuse;  (5) other reasons similar in gravity to those in (1) through (4);  and (6) unusually long sentence.  Section 1B1.13 also confirms that the Court needs to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before reducing a sentence.

### III.    Legal Analysis

In his Motion, Mr. Mishra identifies a number of circumstances that in his view, either alone or in combination, constitute extraordinary and compelling reasons to reduce his sentence.

The Court will address Mr. Mishra's arguments below, considering first whether Mr. Mishra has exhausted administrative remedies, then whether he has stated an extraordinary and compelling reason, and finally, whether the § 3553(a) sentencing factors warrant early release.

### A.    Mr. Mishra Has Not Exhausted Administrative Remedies for Some Claims

As a threshold matter, an inmate must exhaust administrative remedies to obtain judicial relief in the form of compassionate release.  *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020).  Here, Mr. Mishra did not exhaust his administrative remedies regarding the following justifications for a reduction in sentence:  (1) his allegation that the Government engaged in sentence manipulation, as the less severe offense to which he pleaded guilty prevents him from receiving 15 days' of time credit each month under the First Step Act;  (2) his assertion that the Court should consider imposing the zero point offender reduction per Amendment 821;  (3) his characteristics and age of 43 years old;  (4) his rehabilitative efforts while in prison, and (5) the harsh conditions of his confinement, specifically crowding at FCI Thomson.  *See* ECF Nos. 62, 62-1.

Accordingly, he is not entitled to a sentence reduction based on any of the foregoing, alone or in combination.

3

**B.      Mr. Mishra Has Not Established an Extraordinary and Compelling Reason**

Turning to the issues on which Mr. Mishra at least arguably exhausted his administrative remedies, he asserts that the following, alone or in combination, constitute extraordinary and compelling reasons for reducing his sentence:  (1) his family circumstances of desiring to be a caregiver to his assertedly incapacitated father in India;  (2) his argument that he should not be subject to the 2-point computer enhancement set forth in Guideline Section 2G2.2(b)(6) [1];  and (3) his agreement to be deported to his home country of India following his release from BOP custody. ECF No. 62.

The Court disagrees that any of the foregoing are extraordinary and compelling reasons to reduce Mr. Mishra's sentence.  First, Mr. Mishra's family circumstances do not rise to the level of extraordinary and compelling under Section 1B1.13(b)(3)(A)–(D).  He asserts that his father is "incapacitat[ed]" and "requires immediate assistance in order to function [in] his day to day activities in the workforce."  ECF No. 62 at 15.  He further contends that his mother is also elderly and in poor health, and that he "desperately wants to be the son and primary giver that his parents . . . need[] and deserve."  *Id.*  While the Court appreciates Mr. Mishra's desire to assist his parents, he has not presented evidence that either of his parents are actually incapacitated, or if so, that Mr. Mishra would be their only available caretaker.  *See, e.g.*, *United States v. Jones*, Cr. No. 13-252, 2021 WL 1060218, at *10 (W.D. Pa. Mar. 18, 2021) (Conti, J.) (stating that a defendant seeking compassionate release based on family circumstances was required to "show that it is more likely than not that:  (1) his mother is incapacitated or his minor children are without a caregiver;  and (2) he is the only person available to act as a caregiver for his mother or children").

---

[1] The United States asserted that Mr. Mishra also did not exhaust his argument that he should not be subject to a two-point enhancement under Guideline Section 2G2.2(b)(6).  The Court finds that Mr. Mishra has sufficiently exhausted that contention and will discuss it further below.

Second, the two-level enhancement Mr. Mishra received under Guideline Section 2G2.2(b)(6) for use of a computer in connection with his offense does not constitute an extraordinary and compelling reason to reduce his sentence. To the contrary, as Mr. Mishra acknowledges in his Reply, the Court's application of that enhancement was correct. ECF No. 70 at 7. Mr. Mishra's argument is that the Court has broad discretion when considering a combination of factors that may warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *Id.* True enough, but the correctly applied two-level enhancement, either alone or in combination with other factors, does not rise to the level of extraordinary and compelling.

Third, Mr. Mishra's willingness to "self-deport" to India if he is granted compassionate release also does not constitute an extraordinary and compelling reason to reduce his sentence. Pursuant to the terms of his plea agreement, he acknowledged that his decision to plead guilty may result in immigration consequences, including deportation. His current apparent willingness to voluntarily return to India is not listed in the Guidelines as an extraordinary and compelling reason, nor is it "similar in gravity" to the listed reasons. And the cases cited by Mr. Mishra in his Reply involved situations where extraordinary and compelling reasons existed independently of the fact that the defendant would be deported post-release. *See, e.g.*, *United States v. Hassoun*, 470 F. Supp. 3d 804, 805–806 (noting that all parties agreed that defendant's "debilitating hereditary auto-immune inflammatory disease . . . qualifies as an extraordinary and compelling reason for release").

C.    **The Section 3553(a) Factors Do Not Warrant Early Release**

Even if the Court were to find one or more extraordinary and compelling reasons to reduce Mr. Mishra's sentence, the § 3553(a) factors weigh against his early release. The Court has carefully considered the § 3553(a) factors, and in its discretion, declines to reduce Mr. Mishra's

5

92-month term of incarceration, as that sentence remains sufficient, but not greater than necessary to meet all of the goals of sentencing.  Specifically, for example, the Court considered Mr. Mishra's history and characteristics, including his positive characteristics such as his lack of other criminal convictions.  The Court also considered the nature and circumstances of his current offense, wherein Mr. Mishra, for several months, engaged in graphic sexual chats with a purported 12-year-old child, which included requests for explicit images of the child, discussion of sexual acts, culminating in an attempt to meet with the child to engage in oral sex.  And while Mr. Mishra contends that he will not pose a threat to the United States following his deportation, Mr. Mishra's demonstrated sexual interest in children constitutes a risk to *any* community, not just one within the United States.

The Court also considered that Mr. Mishra received substantial benefits under his plea agreement, as the Court imposed a sentence at the mid-point of the agreed-upon sentencing range and Mr. Mishra avoided serving the ten-year mandatory minimum sentence he would have received had he been convicted of the original charge.  Additionally, the Court considered that Mr. Mishra has served approximately half of his sentence and has a significant amount of time remaining on his sentence, which militates against compassionate release.  *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (district court permitted to consider the amount of time remaining on defendant's sentence for purposes of compassionate release).  Further shortening sentence now would undermine the goals and purposes of the sentence this Court imposed.  *See United States v. Calabretta*, No. 12-131, 2020 WL 6055441, at *3 (D.N.J. Oct. 14, 2020).  Shortening Mr. Mishra's sentence may also result in an unwarranted sentencing disparity between him and other defendants with similar criminal backgrounds who are serving sentences

for committing similar offenses, and constitute less of a deterrent for this particular Defendant to engage in future sexual misconduct.

In summary, even if the Court had concluded that Mr. Mishra has presented one or more extraordinary and compelling reasons, it would decline, in its discretion, to reduce his sentence because a reduction in his sentence is not warranted under the § 3553(a) factors. *See, e.g.*, *United States v. Balter*, No. 24-1988, 2024 WL 4274350, *1 n.1 (3d Cir. Sept. 24, 2024) (citing cases).

## IV.   Conclusion

For the above reasons, IT IS HEREBY ORDERED that Mr. Mishra's Motion to Reduce Sentence, ECF No. 62 is DENIED.

DATED this 25th day of July, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record